UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COLBY BLODGETT, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )　　1:24-cv-00111-SDN<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　　　Defendant. ) | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

After a United States Postal Services ("USPS") truck collided with Plaintiff Colby Blodgett's vehicle, Mr. Blodgett sued the United States for property damage and personal injuries. ECF No. 1. The Court previously granted the Defendant's Motion to Dismiss for personal injury damages exceeding $16,850.75. ECF 20. This matter is now before the Court on Mr. Blodgett's Motion for Summary Judgment regarding the claims for $16,850.75 for property damage. For the reasons that follow, Mr. Blodgett's motion for summary judgment is **GRANTED**.

### BACKGROUND

This Order incorporates by reference the factual and procedural background as detailed in my prior Order granting Defendant's Motion to Dismiss, *see* ECF No. 20 at 1–4, and my Order denying Plaintiff's Motion for Reconsideration, *see* ECF No. 32 at 2–3.

On October 22, 2024, I granted the United States' motion to dismiss Mr. Blodgett's personal injury claims in excess of $16,850.75, finding Mr. Blodgett had failed to comply with the necessary administrative deadlines by not providing a value of his physical injury before USPS took final action on his claim for damages. *See* ECF No. 29 at 11–12. I later

1

denied Mr. Blodgett's motion for reconsideration of the Order granting the motion to dismiss. *See* ECF No. 32.

On September 17, 2025, Mr. Blodgett filed his motion for summary judgment on his remaining claims for property damage, ECF No. 45, supplemented by his statement of material facts, ECF No. 45-1. Mr. Blodgett argues "the undisputed record establishes that Plaintiff gradually slowed down and stopped to wait for a vehicle . . . and that shortly thereafter, his vehicle was rear ended by the USPS Truck driven by Barnes." *Id.* at 3. Additionally, Mr. Blodgett asserts the undisputed facts establish "the collision occurred as a result of Barnes' failure to operate the Postal Truck with reasonable care" and that he incurred approximately $16,000 in property damage. *Id.* On December 29, 2025, the United States filed its response to Mr. Blodgett's summary judgment motion, admitting each statement contained in Mr. Blodgett's statement of material facts, which relate solely to the property damages as the only damages remaining at issue. *See* ECF No. 52 at 2–3.[1]

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a rational factfinder could resolve it in favor of either party. *Rando v. Leonard*, 826 F.3d 553, 556 (1st Cir. 2016) (quoting *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 4–5 (1st Cir. 2010)). A fact is material if it could affect the outcome of the case. *Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (quoting *Pérez-Cordero v. Wal-Mart P.R., Inc.*, 656 F.3d 19, 25 (1st Cir. 2011)). The

---

[1] With respect to Mr. Blodgett's statement of fact regarding the property damage to his vehicle, the United States responds as follows: "While Defendant believes the value of the property damages to be marginally less than claimed, for purposes of this response, Defendant admits." ECF No. 52 at 3.

moving party "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020). Then, the burden shifts to the non-moving party to show "specific facts sufficient to deflect the swing of the summary judgment scythe." *Tang*, 821 F.3d at 215 (quoting *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003)).

Under Maine law, a cause of action for negligence has four elements: "(1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) causation, that is, a finding that the breach of the duty of care was a cause of the injury." *Sebago Land Devs., Inc. v. Crum & Forster Specialty Ins. Co.*, 749 F. Supp. 3d 177, 188 (D. Me. 2024) (quoting *Bell ex rel. Bell v. Dawson*, 2013 ME 108, ¶ 17, 82 A.3d 827).

Here, the United States has admitted each statement of material fact submitted by Mr. Blodgett. *See* ECF No. 45-1 at 1; ECF No. 52 at 2–3. I thus find the undisputed record before the Court establishes the required elements of negligence and that Mr. Blodgett "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I note further that nothing about this decision alters the analysis and rulings contained in my prior orders granting Defendant's motion to dismiss and denying Mr. Blodgett's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Mr. Blodgett's motion for summary judgment, ECF No. 45, is **GRANTED,** and I find that Mr. Blodgett is entitled to property damages in the amount of $16,716.77.

**SO ORDERED.**

Dated this 14th day of January, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

3